IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STARLINK LOGISTICS, INC., )
)
    Plaintiff, )
) NO. 1:18-cv-00029
v. ) JUDGE RICHARDSON
)
ACC, LCC and T&K CONSTRUCTION, )
LLC, )
)
    Defendants. )

## MEMORANDUM OPINION

Pending before the Court are Motions to Dismiss (Doc. Nos. 13 and 14) filed by Defendants ACC, LLC ("ACC") and T&K Construction, LLC ("T&K"), respectively. Plaintiff has filed Responses, each Defendant has filed a Reply, and the parties have filed supplemental materials.

## BACKGROUND[1]

This action was filed by Plaintiff StarLink Logistics, Inc. against Defendants ACC and T&K for alleged violations of the Clean Water Act ("CWA") and Tennessee's Water Quality Control Act ("TWQCA"). Plaintiff also alleges state law claims for nuisance and negligence. Plaintiff has asserted 25 violations of a Tennessee General Permit for Stormwater Associated with Construction Activity (CGP") issued to Defendants by the Tennessee Department of Environment and Conservation ("TDEC"), which is the state agency responsible for implementing National Pollutant Discharge Elimination System ("NPDES") permits pursuant to the CWA.

---

[1] Unless otherwise noted, the allegations (or alleged facts) are taken from Plaintiff's Complaint.

Plaintiff and ACC own adjacent properties in Maury County, Tennessee. ACC's property includes a former industrial landfill that received industrial waste from 1981 to 1993 and a "Waste Relocation Area" where industrial waste that had been buried was relocated between 2012 and 2016. Defendant T&K was hired by ACC to handle the waste relocation. Plaintiff's adjacent property includes several miles of Sugar Creek and Arrow Lake. In this action, Plaintiff alleges that during rain events, sediment-laden stormwater leaves ACC's property, where soil has been disturbed by construction activities associated with the Waste Relocation Area, and flows onto Plaintiff's property and into Sugar Creek and Arrow Lake. Plaintiff alleges, among other things, that Defendants have failed properly to maintain sediment control mechanisms for their construction activities. Plaintiff alleges 25 violations of the CGP[2], resulting in measurable degradation of the water quality in Sugar Creek and Arrow Lake.

Plaintiff and ACC are counterparties not only in this lawsuit, but also in a related federal lawsuit styled *StarLink Logistics, LLC v. ACC, LLC and Smelter Service Corp.* Defendants allege that Plaintiff and ACC are counterparties to a state court action styled *StarLink Logistics, Inc. v. ACC, LLC, et al.*[3] The parties vehemently dispute whether the three actions are alike or different, whether any of them is duplicative of the other, and whether any of them should preclude any other. Given the ruling herein, the Court will not referee that dispute at this time.

ACC asks the Court to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). It also asks the Court to dismiss Plaintiff's state law claims as barred by the applicable

---

[2] Plaintiff contends each violation of the CGP is a separate violation of the CWA.

[3] This alleged fact is not in the Complaint.

statutes of limitations.[4] And in its supplemental brief, ACC requests dismissal of this case, pursuant to Fed. R. Civ. P. 12(b)(6), as duplicative of the two related lawsuits.

T&K asks the Court to dismiss Plaintiff's claims for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). T&K also asks the Court to dismiss Plaintiff's state law claims as barred by the applicable statutes of limitation. And in its supplemental brief, T&K asks the Court to dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6), as barred by the rule against claim-splitting.

## MOTION TO DISMISS STANDARDS

Rule 12(b)(1) – Subject Matter Jurisdiction

Motions to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) generally come in two varieties: facial attacks and factual attacks. *Gentek Bldg. Products, Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true. *Id*. If those allegations establish federal claims, jurisdiction exists. *Id.*

A factual attack raises a factual controversy concerning whether subject-matter jurisdiction exists. *Gentek*, 491 F.3d at 330. Where there is a factual attack on the subject-matter jurisdiction of the Court under Fed. R. Civ. P. 12(b)(1), no presumptive truthfulness applies to the allegations. When a party attacks the factual existence of subject-matter jurisdiction, the Court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter jurisdiction does or does not exist. *Id*. In making its decision, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts. *Id*.; *see also*

---

[4] Typically, a statute of limitations defense is raised in a motion to dismiss only where the failure to comply with the limitations period is apparent from the face of the complaint. *Saqr v. The Univ. of Cincinnati*, Case No. 1:18-cv-542, 2019 WL 699347, at * 9 (S.D. Ohio Feb. 20, 2019).

*Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1192 (M.D. Tenn. 2017). As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction. *Global Technology, Inc. v. Yubei (XinXiang) Power Steering Sys. Co., Ltd.*, 807 F.3d 806, 810 (6th Cir. 2015).

Defendants make a factual attack on subject-matter jurisdiction in this case. AAC specifically notes the factual (as opposed to facial) nature of its attack (Doc. No. 13-1 at 7), and the allegations and arguments of T&K reflect a factual attack as well.

Rule 12(b)(6) – Failure to State a Claim

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

## DOCUMENTS OUTSIDE THE PLEADINGS

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, however, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

When analyzing a factual attack on the subject-matter jurisdiction of the court under Fed. R. Civ. P. 12(b)(1), a court may consider documents outside the pleadings. *Gentek*, 491 F.3d at 330. Indeed, it is consideration of information outside the pleadings that distinguishes a factual attack from a facial attack.

## JUDICIAL NOTICE

Defendants ask the Court to take judicial notice of the two related lawsuits referenced above, *StarLink Logistics, Inc. v. ACC, LLC, et al.* and *StarLink Logistics, LLC v. ACC, LLC and Smelter Service Corp.* ACC requests that the Court take judicial notice not only of the existence of these actions, but also of the adjudicative facts therein, pursuant to Fed. R. Evid. 201 (Doc. No. 13-1 at 4, n. 2). That rule provides that a court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

As an initial matter, the Court does not see why the doctrine of collateral estoppel, rather than judicial notice, would not govern the question of what facts are to be deemed established in this case by virtue of any final adjudication of the prior actions. After all, this is the very purpose of the doctrine of collateral estoppel: to dictate whether a proposition established previously in a different case is deemed established in the case at issue. See Eli J. Richardson, Taking Issue with Issue Prelusion: Reinventing Collateral Estoppel, 65 Miss. L. J. 41, 53-58 (1995).

Even assuming that judicial notice likewise can serve this purpose under certain circumstances, it should not be employed here. The party requesting judicial notice bears the burden of persuading the court that a particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned. *Newman v. San Joaquin Delta Community College District*, 272 F.R.D. 505, 516 (E.D. Cal. 2011). Because neither the facts in the state court action (which remains pending before the U.S. Supreme Court) nor the facts in the other action in this Court (which is stayed) have been finally adjudicated, the Court cannot conclude that the facts therein are "not

subject to reasonable dispute" as required by Fed. R. Evid. 201. Defendants have not explained how the Court can deem facts asserted in the other lawsuits as being not subject to reasonable dispute when those actions are ongoing and are still in controversy. To the extent the parties allege that specific facts are undisputed, they have not identified or specifically cited to places where the Court can find the parties' agreement as to, or mutual acknowledgement of, those facts.

While a court may take judicial notice of the existence of court documents and the proceedings in which those documents were generated, federal courts do not generally take judicial notice of the truth of any statement of fact contained within those documents. *Derrico v. Moore*, Case No. 1:17CV866, 2019 WL 1876960, at * 12 (N.D. Ohio Apr. 25, 2019). A court may take judicial notice of another court's orders only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation. *Zurich Am. Ins. Co. v. Southern-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018). A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id*. Judicially noticing documents in the court's file does not include noticing the truth of the facts asserted in each document. *Newman*, 272 F.R.D. at 516.

A court must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2). The Court thus would be prepared, in deciding these motions to dismiss, to take judicial notice of the existence and subject matter of the other two lawsuits concerning this property. But the Court cannot do so, because Defendants have not adequately supplied the Court with "the necessary information." This failure dooms not only Defendants' quest for judicial notice, but also their motions to dismiss in their entirety.

### **INACCURATE AND NON-SPECIFIC CITATIONS**

In order to determine whether the Complaint sufficiently states a claim and/or sufficiently alleges subject-matter jurisdiction, the Court must examine specific paragraphs of the Complaint and specific documents that, according to the parties, may be relied upon by the Court and/or may be the subject of judicial notice. Unfortunately, the parties have failed to provide a roadmap for the Court to find this information.

For example, ACC'S Memorandum in Support of its Motion to Dismiss (Doc. No. 13-1), at pages 2-6. asserts facts with either no citations or incorrect citations to the record. The Court cannot consider these asserted facts if it cannot find them. For instance, the majority of the facts asserted on pages 2-3 of ACC's Memorandum are asserted with no citations. On page 5, ACC cites three times to "Complaint, Appendix 4" when there is no Appendix 4 to the Complaint (Doc. No. 1). ACC also cites to Complaint, Exhibit A. Exhibit A to the Complaint (Doc. No. 1-1) is a 153-page document, with its own Exhibits. ACC provides no page numbers within this document to pinpoint the alleged support for its assertions. On page 6, ACC cites to "CGP, section 4.1" without indicating where to find the CGP and cites to "Exhibit 1" and "*Id.* at page 1, section IV," with no indication which document or docket entry contains this alleged information.

Plaintiff has succumbed to the same malady, albeit not to the same extent. For example, at page 2 of its Consolidated Response to the Supplemental Briefs of Defendants (Doc. No. 49), citing Doc. No. 1 at ¶ 24, Plaintiff asserts that the ACC Landfill received industrial waste from 1981 to 1993. This assertion is unsupported by Paragraph 24 of Doc. No. 1, which states "There are three pipes that convey surface water under Arrow Lake Road to convey surface water from ACC's property onto SLLI's property and into Sugar Creek and Arrow Lake in ditches and channels." In the very next sentence, Plaintiff asserts that ACC disposed of waste byproduct materials generated by Smelter Service Corporation in the Landfill pursuant to a permit issued in

8

1981 by TDEC's predecessor agency, citing Doc. No. 1, ¶¶ 25-26. But paragraphs 25 and 26 of Doc. No. 1 say nothing at all about ACC disposing of waste generated by anyone pursuant to any permit at any time.

As with ACC, T&K fails to direct the Court to or file copies of the specific documents from the related state court action. T&K cites to sections of the "General Permit," (*e.g.*, Doc. No. 23 at 3) without identifying which General Permit it references or where it can be found. And T&K cites to the alleged 60-day Notice with no specific page numbers. Again, that document, Ex A to the Complaint (Doc. No. 1-1), is 153 pages long and includes various exhibits not identified on the docket sheet, at the beginning of the document itself or, to the Court's knowledge, elsewhere.

As noted above, many of the facts underlying this lawsuit, according to the filings of the parties, are to be found in the state court action and the other federal court action. Those alleged facts are not only difficult to find, but also subject to reasonable dispute. The parties have attempted to have the Court make findings of fact disguised as rulings on motions to dismiss under Rule 12(b)(6). This the Court cannot and will not do.[5]

Even when documents outside the pleadings can be considered, as on a Rule 12(b)(1) motion, the Court is not required to search the record to find documents referenced by the parties. The Court cannot possibly consider those documents if it cannot find them. The parties—most relevantly, the movants (*i.e.*, Defendants) —have failed to provide correct and specific citations and/or easy access to those documents. For instance, the parties cite to documents in the related state-court action numerous times, but they have failed to file (or at least file in an easily-

---

[5] For example, ACC asks the Court to rule that Plaintiff's claims involve "wholly past" violations. But Plaintiff contends that ACC was required under the applicable permit to maintain sediment and erosion control measures, but failed to do so. Plaintiff claims that Defendants were, at the time of the Complaint, still actively polluting Plaintiff's property, and Defendants claim they are not.

recognizable and identified place) any of these documents. The Court cannot understand how parties attempting to persuade the Court to rule in their respective favor would require the Court to search thousands of pages in three different lawsuits, rather than providing clear, specific citations and easy access to all documents upon which they rely.

With motions for summary judgment, by analogy, it is well-settled that the non-moving party must cite specific portions of the record, and the court is not required to search the record for pieces of evidence. *Mullenix v. Eastman Chemical Co.*, 237 F. Supp. 3d 695, 710 (E.D. Tenn. 2017). A district court is not required to search the record to determine whether genuine issues of material fact exist when the non-moving party has failed to point them out. *Adams v. Lockheed Martin Energy Sys.*, 199 F. App'x 405, 409 (6th Cir. 2006); *Wardle v. Lexington-Fayette Urban Cty. Gov't*, 45 F. App'x 505, 509 (6th Cir. 2002).

In *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 930 (W.D. Mich. 2009), the plaintiff failed to specify where in a nine-page, single-spaced document it alleged that a defendant violated the law in some way, and the court stated: "[I]t is not the court's job to scour the record for the requisite specific evidence to create genuine issues of material fact on [plaintiff's] behalf." *Id*. Here, when citing Exhibit A to the Complaint, which is a *153-page* document, the parties fail to specify the page numbers within that document containing the content to which they refer. In *Hubbart v. Brown*, Nos. 95-1983, 95-1988 and 96-1078, 1997 WL 242084, at * 6 (6th Cir. May 8, 1997), *cited in JDC Mgmt.*, the court stated: "It is not the court's job to sort through hundreds of pages of unmarked exhibits in an attempt to find something that might possibly be interpreted as supporting defendant's arguments. . . . There is no reason why . . . defendant's attorney should be permitted to shift his duty to represent his clients to the Court by simply throwing hundreds of

documents at the Court and hoping the Court finds something it will interpret as supporting his arguments."

A district court is not required to search the record when the non-moving party has failed to point out specific facts. *Adams v. Lockheed Martin Energy Systs.*, 199 F. App'x 405, 409 (6th Cir. 2006); *Emerson v. Novartis Pharmaceuticals Corp.*, 446 F. App'x 733 736 (6th Cir. 2011) ("Judges are not like pigs, hunting for truffles" that might be buried in the record); *Olmstead v. Fentress Cty, Tn*, No. 2:16-cv-00046, 2019 WL 1556657, at * 3, n. 9 (M.D. Tenn. Apr. 10, 2019) (same).

Although most of the above-referenced cases involved summary judgment, they apply here because Defendants are asking the Court to consider matters outside the pleadings, as would a movant for summary judgment. Yet they have failed to provide correct and specific citations or easy access to those documents. In trying to convince the Court to rule in their favor, the parties have not "supplied the necessary information" or provided easy access to information that favors their positions. The Court cannot decide the merits of this action in the current posture. For these reasons, Defendants' Motions to Dismiss will be denied.

These factual arguments, specifically those related to the Rule 12(b)(6) portions of the pending motions, are more appropriate for summary judgment, where the parties must set forth specific facts, with specific citations to the record, and the opposing side must admit or deny those facts, again with specific citations to the record. Should any party wish to file a motion for summary judgment, the Court will consider it only if there are separate Statements of Undisputed Material Facts, in accordance with Local Rule 56.01, with correct and specific citations to the record, including page numbers. The parties also shall file copies of any TDEC or state court documents they ask the Court to consider and clearly cite to the appropriate page numbers in those

documents. Moreover, the Statements of Undisputed Material Facts shall be limited to facts that are, in fact, *material* to this action.

## **CONCLUSION**

Defendants' Motions to Dismiss (Doc. Nos. 13 and 14) will be denied. An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE