**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | |
|---|---|
| **STARLINK LOGISTICS, INC.** ) | |
| ) | |
| **v.** ) | **Case No. 1:18-cv-0029** |
| ) | **Richardson/Holmes** |
| **ACC, LCC et al.** ) | |

**O R D E R**

Pending before the Court is Plaintiff's motion to strike and exclude a second report prepared by Defendants' expert, Ben Jones. (Docket No. 63.) Defendants filed a response in opposition to the motion (Docket No. 85) and Plaintiff filed a reply (Docket No. 86), which the Court has considered. For the reasons discussed below, Plaintiff's motion (Docket No. 63) is GRANTED EXCEPT TO THE LIMITED EXTENT PROVIDED BELOW.

### I. Background[1]

Plaintiff retained Jim Evans as a real estate appraisal expert and provided Defendants with Mr. Evans' expert report on March 9, 2019. (Docket No. 63 at 2.) On May 1, 2019, Defendants filed and served the report of their real estate appraisal expert, Ben Jones. *See* Docket No. 207-5 in related Case No. 1:12-cv-0011 (the "2011 Case Docket").[2] Mr. Jones' first report contained his opinion as to the retrospective value of Plaintiff's property as of December 21, 2001; however, it is undisputed that the report does not directly mention or critique the Evans report. As provided in Case Management Order #3, supplemental expert disclosures were to be made in accordance

---

[1] Given the lengthy factual and procedural history of this consolidated case, only the background necessary for context of the Court's ruling is recited.

[2] Plaintiff's CERCLA and state law claims in the 2011 case that were not previously stayed were severed and consolidated with this case. *See* 2011 Case Docket No. 225.

with Rule 26(a) and (e) and rebuttal experts were allowed only by leave of court. (2011 Case Docket No. 160 at ¶ H.)

By agreement of the parties, Mr. Evans' deposition was scheduled for May 21, 2019 and Mr. Jones' deposition was scheduled for May 24, 2019. (Docket No. 63-1.)[3] On the evening before Mr. Jones' deposition, Defendant provided Plaintiff with a second report of Mr. Jones dated May 23, 2019, which assessed the Evans Report. When forwarded to Plaintiff, the May 23 report was described as Mr. Jones' "review of Mr. Evans' report." (Docket No. 63-2 at 2.) The May 23 report was also characterized as "a supplementation under Rule 26(e)." (Docket No. 63-6 at 2.)

From an email exchange between Mr. Jones' and Defendants' counsel on May 23, 2019, it appears that Mr. Evans revised his report to correct a typographical error, which Mr. Evans' apparently discovered while preparing for his deposition and which resulted in a reduction in Mr. Evans' valuation. (Docket No. 85-3 at 1.) Defendants' counsel provided Mr. Jones with Mr. Evans' revised report in anticipation of Mr. Jones' deposition. Defendants' counsel did not request that Mr. Jones prepare a second report critiquing Mr. Evans' revised report and was unaware that he had done so until shortly before the May 23 report was provided to Plaintiff's counsel. (Docket No. 63-4.)[4] Mr. Jones' deposition proceeded on May 24, 2019, but Mr. Jones was not asked about his second report, nor did Plaintiff request an adjournment of Mr. Jones' deposition to further review the May 23 report.

---

[3] The deadline for completion of expert depositions was May 31, 2019. (2011 Case Docket No. 205.)

[4] Mr. Jones' May 23 report was not provided, presumably because Plaintiff does not want the report before the Court.

Now, Plaintiff requests that the Court strike the May 23 report and all opinions expressed in the report. Defendants argue that exclusion of the May 23 report is not an appropriate remedy and that Plaintiff had a clear opportunity to cure any prejudice, which it elected not to do.

**II. Legal Standards**

A party must disclose its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). This disclosure must "be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This written report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).

In addition to the initial expert disclosure and report, circumstances may arise in which a party provides either a supplemental or rebuttal report. Indeed, a party has a duty to timely supplement expert disclosures to correct incomplete or incorrect information. Fed. R. Civ. P. 26(e). The obligation to supplement does not, however, grant a party a right to generate new expert reports. *Saint-Gobain Corp v. Gemtron Corp.*, 2006 WL 1307890, at *2 (W.D. Mich. May 9, 2006)(citing *DAG Ent., Inc. v. Exxon Mobile Corp.*, 226 F.R.D. 95, 110 (D. D.C. 2005)).

As to rebuttal reports, the Federal Rules of Civil Procedure allow for an expert to provide a report that "rebuts" a report submitted by an expert on the other side. This rebuttal must be intended "solely" to contradict or rebut "evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). Absent a stipulation or court order, this rebuttal report must be disclosed "within 30 days after the party's disclosure." *Id*. However, "the rule does not authorize any additional round of rebuttal following expert deposition testimony." *Gardner v. Dye*, 2016 WL 9244200, at *6 (M.D. Tenn. July 1, 2016). Further, the

3

Local Rules of this Court provide that "[n]o rebuttal expert witnesses shall be permitted at trial, absent timely disclosure in accordance with these Rules and leave of Court." L.R. 39.01(c)(5)(D).

A violation of Rule 26 gives rise to the application of Rule 37(c)(1), which requires that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 directs exclusion of the evidence as a sanction for a Rule 26 violation. *See Roberts ex rel. Johnson v. Galen of Va., Inc.,* 325 F.3d 776, 782 (6th Cir.2003). Though Rule 37 also allows the district court to impose less severe sanctions than mandatory preclusion, the district court's choice to observe the rule's primary directive of exclusion, rather than its secondary options is discretionary. *Smith v. Botsford Gen. Hosp.*, 419 F.3d 513, 516–17 (6th Cir. 2005). The test for Rule 37(c) exclusion "is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010.)[5]

To assess whether a party's omitted or late disclosure is "substantially justified" or "harmless," a court considers five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Doe v. Belmont Univ.*, 367 F. Supp. 3d 732, 742 (M.D. Tenn. 2019) (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). The party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving

---

[5] Exclusion of an expert's testimony in an available opinion "that courts within this district commonly exercise." *Adams v. Farbota*, 306 F.R.D. 563, 572 (M.D. Tenn. 2015) (citing cases).

4

party must show that failure to comply was either harmless or substantially justified. *Saint-Gobain Autover USA v. Xinyi Glass No. Am., Inc.*, 666 F.Supp.2d 820, 826 (N.D. Ohio 2009); *see also Roberts ex rel. Johnson*, 325 F.3d at 782 (burden to prove whether noncompliance was substantially justified or harmless falls on the party that failed to comply). Ultimately, the court retains discretion to fashion a remedy that is "consonant with both the text and logic of Rule 37(c)(1)." *Id.* at 784.

### III. Discussion

There is no dispute that the May 23 report was additional to Mr. Jones' initial May 1 report.[6] The Court cannot find that the May 23 report fairly constitutes either a proper rebuttal report or a supplemental report. The May 23 report solely rebuts or contradicts the details of Mr. Evans' valuation methodology and results based on the revised valuation offered by Mr. Evans in connection with his deposition. *See* Docket Nos. 85-3 and 63-5.[7] That is the definition of a rebuttal report under Rule 26(a)(2)(D)(ii). Even though the May 23 report may have been produced within the time that would otherwise be permitted by Rule 26(a)(2)(D)(ii), the Court finds it an improper rebuttal report because it was prepared in response to Mr. Evans' revised report and deposition testimony and Rule 26(a)(2)(D)(ii) does not authorize an additional round of rebuttal following expert deposition testimony. *Gardner*, *supra*. Nor was it contemplated in any case management order that there would be rebuttal experts and reports. Although rebuttal experts or

---

[6] Defendant addresses in detail in its response (Docket No. 85 at 2-3) various delays by Plaintiff in providing complete expert reports. Without condoning any party's disregard for case management deadlines, the Court simply notes that, despite discussing the delays, Defendant does not state that any of the delays were a cause for Mr. Jones not having included in his initial report an analysis and critique of the Evans Report.

[7] Although not entirely clear because not addressed by either party, the Court presumes that Mr. Evans' revised report simply corrected the typographical error and his ultimate valuation but did not otherwise modify his initial March 9 report.

reports are sometimes discussed at the initial case management conference and provided for in the initial case management order, they were never raised by either party in this case.[8]

Defendant suggests that the May 23 report is simply a supplementation to Mr. Jones' initial expert report as contemplated in Rule 26(e)(1).[9] The Court is not persuaded, however, that the May 23 report falls within the boundaries of supplementation provided by Rule 26(e)(1). In his initial report, Mr. Jones arrived at his conclusions apparently without consideration of Mr. Evans' valuation methods or opinion. If Mr. Jones' analysis was incomplete or incorrect, it was so only because he did not earlier analyze the Evans Report. The Court cannot accept a definition of supplementation that would essentially allow for unlimited bolstering of expert opinions.

> Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading.... It does not cover failures of omission because the expert did an inadequate or incomplete preparation.... To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation."

*Akeva LLC v. Mizuno Corp.,* 212 F.R.D. 306, 310 (M.D.N.C.2002); *see also Sharpe v. United States,* 230 F.R.D. 452, 462-463 (E.D.Va.2005) (plaintiff not permitted to supplement expert reports in order to remedy incomplete review performed by experts).

That leaves for consideration whether Defendant's failure to timely disclose Mr. Jones' critique of Mr. Evans' expert report was "substantially justified" or "harmless." As the Sixth Circuit has emphasized, "exclusion of late or undisclosed evidence is the usual remedy for

---

[8] As part of his initial report and valuation, Mr. Jones could have properly analyzed and critiqued Mr. Evans' methods and valuation, but he did not do so.

[9] Rule 26(e)(1) in turn incorporates the timing requirement of Rule 26(a)(3) for disclosure at least 30 days before trial unless otherwise directed by the Court. If a proper supplementation, the May 23 report would be timely.

noncompliance with Rule 26(a) or (e)." *Howe*, 801 F.3d at 747; *see also Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Defendant argues that the circumstances of the May 23 report do not compel exclusion largely because there is no perceived prejudice to Plaintiff. However, Rule 37(c)(1) does not require that Plaintiff show prejudice; rather, the rule requires that Defendant show harmlessness or justification. *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).

The advisory committee's note to Rule 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe*, 801 F.3d at 747. This also encompasses the first factor adopted by *Howe* of surprise to the party against whom the evidence would be offered.[10] Here, there is no dispute that the May 23 report was a surprise—to both parties. But the mistake is not found in a late disclosure of an earlier analysis by Mr. Jones of the Evans Report. Rather, the mistake, if it indeed was one, is in Defendant not having requested that Mr. Jones include in his own initial report a critique of Mr. Evans' valuation. The Court is not persuaded that this is the kind of mistake contemplated by Rule 37(c)(1)'s allowance for harmlessness.

Nor does the Court find any justification for Mr. Jones not having earlier analyzed Mr. Evans' report. The Court does not doubt that Defendant's counsel provided the May 23 report to Plaintiff's counsel immediately upon receipt from Mr. Jones. But that is not the critical question. The necessary explanation under the fifth *Howe* factor is why Mr. Jones had not earlier analyzed

---

[10] Again, the factors are: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Howe*, 801 F.3d at 748.

7

the Evans Report and included a critique in his own initial May 1 report. Defendant offers no explanation for that failing. For this reason, the Court finds that the first and last *Howe* factors weigh against lesser sanctions.

The second and third factors of *Howe*—the ability of the receiving party to cure the surprise and the extent to which allowing the evidence would disrupt the trial—arguably weigh in favor of some lesser sanction, at least at first glance. But these factors cannot be considered in isolation from the other factors. Although the Court could permit Plaintiff to now depose Mr. Jones at Defendant's expense, as there is time to do so before the bench trial in this case, that ignores that Mr. Jones had plenty of opportunity before disclosure of his initial report to analyze and critique the Evans Report. To be clear, the Court does not find that Defendant engaged in any underhanded gamesmanship. In fact, Defendant's counsel promptly disclosed the May 23 report when received from Mr. Jones. Nevertheless, Defendant gave no explanation for why Mr. Jones did not previously analyze or critique the Evans Report. Even if in the absence of gamesmanship, the Court cannot find an appropriate basis to permit Mr. Jones to tardily cure that inadequacy, as doing so directly contravenes the expectations of Rule 26 for expert discovery and to a large extent extracts all the teeth from Rule 37(c)(1).

Regarding the fourth *Howe* factor, the importance of the evidence, the Court supposes that retrospective valuation of the subject property is important to the issues in this case, which is even more reason why the Court would have expected that Mr. Jones would have, as part of his own initial report, analyzed and critiqued the Evans Report. The Court therefore finds that this factor, considered with the other factors, favors exclusion of the May 23 report. Mr. Jones may not testify as to his analysis, conclusions, or data underlying the May 23 report. He may, however, testify in

full as to his initial report. To the extent that Mr. Jones' initial May 1 report overlaps with the May 23 report, such testimony may be allowed.

Further, notwithstanding exclusion of the May 23 report and of any testimony by Mr. Jones about the information in the May 23 report (except as may overlap with his initial report), Defendant is not precluded from cross examining Plaintiff's expert, Jim Evans, about his report based on deficiencies or other issues identified in the May 23 report. The Court concludes this outcome, which is admittedly less than the exclusion for all purposes requested by Plaintiff, strikes an appropriate balance under Rule 26(a) and (e) and Rule 37(c)(1).

### IV. Conclusion

For reasons set forth above, Plaintiff's motion to strike and exclude the May 23 report of Mr. Jones (Docket No. 63) is granted except to the limited extent that (i) Mr. Jones may testify in full as to his initial report, including to the extent that Mr. Jones' initial report overlaps with the May 23 report and (ii) Defendant may cross examine Plaintiff's expert, Jim Evans, about deficiencies or other issues identified in the May 23 report.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

9